UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CAMILLE RUTH GARZA,<br><br>Plaintiff,<br><br>v.<br><br>IDAHO CENTRAL CREDIT UNION,<br><br>Defendant. | Case No. 4:23-cv-00526-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Idaho Central Credit Union's Motion to Dismiss for Failure to State a Claim (Dkt. 15). For the reasons discussed below, the court will grant the motion.

In May 2023, Camille Garza filed a Complaint against Idaho Central Credit Union in Idaho state court alleging constructive discharge, failure to accommodate, unequal terms and conditions of employment, and retaliation. *Complaint* at 3, Dkt. 6. Ms. Garza alleges she suffered discrimination based on her actual or perceived disability of PTSD, Anxiety, MDD, and ADHD. *Id.* Idaho Central Credit Union removed the case to federal court before moving to dismiss the Complaint in January 2024. *Motion*, Dkt. 15. Ms. Garza was warned by the Court that failure to

MEMORANDUM DECISION AND ORDER - 1

respond to Idaho Central Credit Union's motion may result in the dismissal of her case. Dkt. 18. Despite this warning, she did not file a response by the February 14, 2024 deadline.

Instead, two months later, in April 2024, she requested an extension of time to file a response to the motion. *See* Dkt. 24. The judge previously assigned to this matter granted Ms. Garza's motion and ordered that any response must be filed within 21 days of that order. Dkt. 26. Counsel for Idaho Central Credit Union reminded Ms. Garza of this upcoming deadline a few days before her response was due. Def.'s Ex. A, Dkt. 32-1. Nonetheless, the extended deadline expired on May 21, 2024 without any filing by Ms. Garza. Three months have now passed since the expiration of the deadline to respond and over six months have elapsed since Idaho Central Credit Union filed its motion, and Ms. Garza still has not filed a response to the motion to dismiss.

Idaho Central Credit Union now requests the Court dismiss Ms. Garza's Complaint pursuant to Local Rule 7.1(e)(1) and Federal Rule of Civil Procedure 41(b). The Ninth Circuit has held that a district court may properly grant a motion to dismiss pursuant to a local rule for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). In the District of Idaho, a party's failure to file either a notice of non-opposition, or a memorandum in opposition to a motion, may be

**MEMORANDUM DECISION AND ORDER - 2**

deemed consent to the relief requested. D. Idaho L. Civ. R. 7.1(e).

In addition to dismissal under the local rules, a Court may dismiss a Complaint when a "plaintiff fails to prosecute or to comply with [the] rules of a court order." Fed. R. Civ. P. 41(b). Ms. Garza, as the plaintiff, has the general duty to prosecute this case—meaning she must move the case forward. *Fidelity Philadelphia Trust Co. v. Pioche Mines Consolidated, Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Here, it is clear Ms. Garza has not done so both by failing to respond to the motion to dismiss and by failing to make required disclosures consistent with the Court's scheduling order. *See Reply* at 5, Dkt. 32.

Before dismissing an action for failure to prosecute, the court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

Indeed, the first two factors weigh in favor of dismissal here. Ms. Garza's

failure to respond makes it difficult to expeditiously resolve her claim and for the Court to manage its docket. The fourth factor, of course, favors not dismissing her claim. As to the two decisive factors, Idaho Central Credit Union would not suffer any prejudice from dismissal of the action and given Ms. Garza's failure to respond, dismissal seems to be the only realistic sanction.

That said, pursuant to Rule 41(b) dismissal for failure to prosecute operates as an adjudication on the merits unless the dismissal order states otherwise. Dismissing Ms. Garza's claim without prejudice and not on the merits would serve less drastic sanction than dismissal with prejudice. Taking into account Ms. Garza's pro se status and health issues that may have contributed to her failure to prosecute the case, dismissal with prejudice would be "unnecessarily harsh." *Smith v. Mantilla*, No. CV-23-00003-TUC-JGZ, 2024 WL 1156585, at *1 (D. Ariz. Mar. 18, 2024). Thus, the Court will dismiss Ms. Garza's Complaint without prejudice pursuant to Rule 41(b).

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Dismiss (Dkt. 15) is **GRANTED**. Ms. Garza's Complaint is dismissed without prejudice.

DATED: August 30, 2024

_____
B. Lynn Winmill
U.S. District Court Judge